IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVID LEADERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:02-CV-105 |
| | ) | (Magistrate Judge Shirley) |
| PHILIPS ELECTRONICS NORTH | ) | |
| AMERICA CORPORATION d/b/a | ) | |
| PHILIPS CONSUMER ELECTRONICS | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO STRIKE EXPERT DISCLOSURES OF PLAINTIFF DAVID LEADERS AND EXCLUDE TESTIMONY BY DR. DARYL LEE MCDANIEL AND GARY R. ALBRECHT, Ph.D.

Defendant, Philips Electronics North America Corporation ("Philips"), by and through counsel, respectfully requests the Court to strike the expert witness disclosures submitted by Plaintiff David Leaders' ("Leaders") as the same do not comply with Fed. Rule Civ. P. 26(a)(2)(B), and, further, to exclude any testimony from such witnesses. The Court specifically cautioned Leaders on February 14, 2005 that any expert disclosures submitted by him must comply with Fed. Civ. P. 26(a)(2), but Leaders' disclosures nevertheless fail to so comply. Leaders has submitted two Disclosures: Gary R. Albrecht, Ph.D., and Dr. Daryl Lee McDaniel. These Disclosures do not comport with the requirements of Rule 26 and should be stricken as authorized under Rule 37 of the Federal Rules of Civil Procedure.

## Federal Rules of Civil Procedure 26(a)(2) and 37(c)(1)

The relevant portion of Fed. R. Civ. P. 26 states as follows:

> (2) Disclosure of Expert Testimony.
> (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2).

The relevant portion of Rule 37 states as follows:

> (c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.
> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1).

## Dr. Daryl Lee McDaniel

By Memorandum and Order entered on February 23, 2005, the Court granted Plaintiff's Motion to Modify Certain Scheduling Order Deadlines and To Enter Plaintiff's Expert Witness Disclosure and thereafter filed Plaintiff's Expert Disclosure regarding Dr. Daryl Lee McDaniel ("McDaniel Disclosure") (the McDaniel Disclosure is attached hereto as ***Exhibit A***) that same date. The McDaniel Disclosure fails to comply with Fed. Civ. P. 26(a)(2)(B) in that it does not contain a complete statement of all opinions to be expressed or the basis and reasons therefor. Likewise, the McDaniel Disclosure does not adequately identify or set forth the qualifications of Dr. McDaniel, including any publications authored by him within the proceeding 10 years nor does it list any other cases in which he has testified as an expert within the proceeding 4 years.

Indeed, the only information which appears to have been signed by Dr. McDaniel is a one page "Doctors Ability to work Report." Philips respectfully submits that the "Doctors Ability to work Report" fails to qualify as a written report under Fed. Rule Civ. P. 26(a)(2) and that Plaintiff's disclosure is otherwise deficient as set forth above.

## Gary R. Albrecht, Ph.D.

On February 25, 2005, Leaders served a copy of Plaintiff's Expert Disclosure of Gary R. Albrecht, Ph.D. ("Albrecht Disclosure") (the Albrecht Disclosure is attached hereto as ***Exhibit B***). Albrecht is a purported economic expert which Leaders may use at trial. The Albrecht Disclosure, however, fails to comply with Fed. Rule Civ. P. 26(a)(2) as no written report has been signed by Albrecht. Instead, the Albrecht Disclosure contains an unsigned spread sheet, the creator of which is unidentified. This unsigned spread sheet, moreover, does not provide an

3

adequate basis and reasons for the figures contained thereon. Further, the Albrecht Disclosure fails to set forth a listing of any specific cases in which Albrecht has testified as an expert at trial or by deposition within the proceeding 4 years. Although Plaintiff has attached a listing of "Sample Cases" to the Albrecht Disclosure, this listing does not indicate the style of the case; the parties involved; the courts in which the cases were pending; or other information necessary to investigate such testimony. Philips respectfully submits that the Albrecht Disclosure fails to comply with Fed. Rule Civ. P. 26(a)(2).

<strong><u>Law and Argument</u></strong>

In *Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 742 FN 6 ( 7th Cir. 1998) (citations omitted), the Seventh Circuit Court of Appeals opined upon, in pertinent part, Rule 26 of the Federal Rules of Civil Procedure as follows:

> Rule 26(a) expert reports must be "detailed and complete." ... A complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor. ... Expert reports must not be sketchy, vague or preliminary in nature. ... Expert reports must include "how" and "why" the expert reached a particular result, not merely the expert's conclusory opinions. ... Compliance with Rule 26, in particular with the requirement of total Disclosure, is emphasized in the Advisory Committee comments. The "incentive for total Disclosure" is the threat that expert testimony not disclosed in accordance with the rule can be excluded pursuant to Rule 37(c)(1). The availability of this sanction "put[s] teeth into the rule." The rule presents alternatives less severe than exclusion of the expert testimony, however. If the expert's report contains only incomplete opinions, the court may choose to restrict the expert's testimony to those opinions alone. The comments of the Advisory Committee make clear that the expert's reports are to be a detailed and complete statement of the testimony of the expert on direct examination. It is expected that the reports will be far more complete and detailed than the practice in responding to interrogatories under former Rule 26(b)(4)(i). ... Without such completeness, counsel and the party he represents risk the imposition of sanctions under Rule 37.

4

The Sixth Circuit cited from *Salgado* for support of its statement that "[i]t is well-established that Fed. R. Civ. P. 37(c)(1), enacted in 1993, mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Vance, by and Through Hammons v. U.S.*, 182 F.3d 920, 1999 WL 455435 at **3 (6th Cir. 1999) (a copy of *Vance* is attached hereto as **Exhibit C**). The *Vance* Court went on to state that "the new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion." *Id*. at **4.

Neither the McDaniel nor the Albrecht Disclosure is "detailed and complete." In fact, the Disclosures are "sketchy" and detail neither the how nor the why of the opinions held by McDaniel or Albrecht. These types of incomplete disclosures are specifically what Rules 26 and 37 were designed to eliminate. If a party does not comply with the explicit requirements of Rule 26, then that party should be sanctioned under Rule 37, including exclusion of the expert witness' testimony. Philips thus respectfully asserts that Leaders' disclosures should be stricken and any testimony from McDaniel and Albrecht excluded from evidence.

## Conclusion

The Court specifically warned Leaders that his expert disclosures must comply with Fed. R. Civ. P. 26. Even though the Court extended the deadline for Leaders to file any supplemental or additional disclosures until March 1, 2005, Leaders has failed to comply with the Court's instructions and the Federal Rules of Civil Procedure. For these reasons, Philips respectfully requests that the Court strike the McDaniel and Albrecht Disclosures and that Leaders be prevented from presenting their testimony either by deposition or at the trial of this matter.

5

Respectfully submitted,

ARNETT, DRAPER & HAGOOD

By: s/*Jay W. Mader*
Robert N. Townsend, BPR#007904
Jay W. Mader, BPR #016199
Attorneys for Defendant

ARNETT, DRAPER & HAGOOD
2300 First Tennessee Plaza
Knoxville, TN 37929
(865) 546-7000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of this pleading or document has been served upon the *pro se* plaintiff in this case by placing a true and exact copy of said pleading or document in the United States Mail, addressed to said *pro se* plaintiff, with sufficient postage thereupon to carry the same to its destination:

>   David Leaders
>   516 Burris Road
>   Knoxville, TN 37924

This the 11th day of March, 2005.

ARNETT, DRAPER AND HAGOOD

BY: s/*Jay W. Mader*