UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVID LEADERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:02-CV-105 |
| | ) | (Shirley) |
| PHILIPS ELECTRONICS NORTH | ) | |
| AMERICA CORPORATION d/b/a | ) | |
| PHILIPS CONSUMER ELECTRONICS | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment. [Doc. 15]. The Court conducted a hearing on various pretrial motions on May 10, 2005.

**I.     PLAINTIFF'S MOTIONS**

   **A.     Motions to Exclude Dr. Sterling**

Plaintiff moves to exclude the testimony of Defendant's expert Steven L. Sterling, M.D. [Doc. 31]. For grounds, Plaintiff argues that Dr. Sterling does not have the requisite expertise to render expert opinions, and that his opinions are merely hearsay and should be excluded. In a subsequent motion to strike [Doc. 67], Plaintiff argues that Dr. Sterling should be excluded because

(1) he reviewed Plaintiff's medical records without Plaintiff's permission and (2) he made exaggerated and false statements in his report.

Defendant opposes Plaintiff's motions, arguing that Dr. Sterling is fully qualified to testify in this case, and that the medical records provided to him by Defendant were furnished by Plaintiff during the course of discovery. [Docs. 45, 69].

Dr. Sterling is a Board Certified Ophthalmologist practicing in Knoxville, Tennessee. His educational background includes attendance at the University of Tennessee College of Medicine; a transitional internship at Methodist Hospital; general medical practice at Baptist Minor Medical Center; and a residence at the University of Tennessee. Additionally, Dr. Sterling has been employed by the Center for Eye Surgery in Oak Ridge, Tennessee; Baptist Eye Surgeons, PLLC in Knoxville, Tennessee; and Steven L. Sterling, M.D. PC. He is a member of the American Academy of Ophthalmology, the Tennessee Medical Association, and the Knoxville Academy of Medicine.

Rule 702 of the Federal Rules of Evidence provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion of otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Court, in its role as gatekeeper, must exclude expert testimony that is not reliable or relevant. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999).

Mr. Leaders has placed his eye condition at issue, and the Court finds that "scientific, technical, or other specialized knowledge" in the form of medical testimony will assist the jury in

understanding any medical evidence and evaluating Mr. Leaders' claim for alleged loss of vision.

Upon review of Dr. Sterling's curriculum vitae, the Court finds that Dr. Sterling is qualified to render expert testimony in this matter regarding Mr. Leaders' eye condition. Moreover, the Court finds that Dr. Sterling's opinions are reliable and are based upon sufficient facts. Finally, the Court finds no merit to Plaintiff's argument that Dr. Sterling did not have permission to review Plaintiff's medical records, as Plaintiff produced these to Defendant during the course of discovery in this action. With respect to Plaintiff's objections to Dr. Sterling's opinions, Plaintiff is free to cross-examine Dr. Sterling regarding his opinions and to argue at trial that Dr. Sterling's opinions are not entitled to any weight. However, Plaintiff has not set forth a sufficient basis to disqualify Dr. Sterling as an expert at this time. Plaintiff's Request for a Motion in Limine of Defendant's Expert Witness [Doc. 31] and Plaintiff's Motion to Strike Expert Disclosures of Defendant and Exclude Testimony of Steven L. Sterling [Doc. 67] is **DENIED**.

### B. Motion in Limine to Strike Witnesses

Plaintiff moves to strike all witnesses listed on Defendant's Witness List who are not sufficiently identified as required by Federal Rule of Civil Procedure 26(a)(3). [Doc. 40]. Specifically, Plaintiff objects to Defendant's failure to provide names of record custodians, as well as phone numbers and addresses of various witnesses. Since the filing of Plaintiff's motion, Defendant has filed amended witness lists [Docs. 49, 77], which provide the information required by Rule 26(a)(3). Accordingly, Plaintiff's Request for a Motion in Limine of Defendant's Non-Named Witnesses and/or Wittiness [sic] Lacking Other Required Information Given in Rule 26(a)(3) [Doc. 40] is moot and shall be **DENIED AS MOOT**.

3

### C. Motion to Amend

Plaintiff requests that a claim of retaliation be added to his Complaint. [Doc. 52]. Plaintiff, however, has already alleged retaliation as a cause of action in his Complaint. Accordingly, Plaintiff's Request for Supplemental Claim of Retaliation [Doc. 52] is not necessary and is therefore **DENIED**.

### D. Motion to Supplement Motion for Summary Judgment

Plaintiff moves to supplement his motion for summary judgment. [Doc. 70]. In support thereof, Plaintiff states that more depositions have been taken, which are relevant to his summary judgment motion. Plaintiff also attaches printouts of various websites that he seeks to have considered as evidence.

Plaintiff has not provided the Court with the deposition transcripts referenced. Further, the website information as produced is inadmissible hearsay. In considering a motion for summary judgment, the Court will consider only those facts as would be admissible in evidence. See Fed. R. Civ. P. 56(e). For these reasons, Plaintiff's Motion to Supplement Plaintiff's Motion for Summary Judgment [Doc. 70] is **DENIED**.

### E. Motion for Hearing Regarding Bad Faith Mediation

Plaintiff moves for "a hearing on the bad faith practices of defendant Philips and the Law firm of Arnett, Draper & Hagood . . . [d]uring the agreed mediation of this case." [Doc. 74]. Plaintiff argues that the Defendant did not attempt to mediate this case in good faith, and he seeks reimbursement of his mediation expenses. Plaintiff further seeks to compel answers to a number of interrogatories from the Defendant.

4

Plaintiff's motion [Doc. 74] is **GRANTED** to the extent that the motion is a request for a hearing, as the Court heard argument on Plaintiff's claim of bad faith at the May 10, 2005 hearing. Plaintiff's motion [Doc. 74] is **DENIED** to the extent that Plaintiff seeks sanctions for Defendant's alleged bad faith. Based upon the report [Doc. 35] of the mediator, Bruce Anderson, the Court finds that the Defendant negotiated in good faith at the mediation. Plaintiff has not produced any evidence to indicate otherwise. To the extent that Plaintiff's motion is one to compel responses to interrogatories, the motion [Doc. 74] is **DENIED**. Plaintiff failed to include a verbatim recitation of the interrogatories at issue, as required by Local Rule 37.2. Further, the motion does not contain a certification that Plaintiff in good faith conferred or attempted to confer with the Defendant in an effort to obtain the responses without court action. See Fed. R. Civ. P. 37(a)(2)(A).

## II. DEFENDANT'S MOTIONS

### A. Motion to Exclude Dr. McDaniel and Dr. Albrecht

Defendant moves to strike the expert witness disclosures of Daryl Lee McDaniel, M.D., and Gary R. Albrecht, Ph.D. and to exclude the testimony of these witnesses on the grounds that Plaintiff's disclosures do not comport with the requirements of Rule 26 of the Federal Rules of Civil Procedure. [Doc. 59]. Plaintiff opposes Defendant's motion, arguing that the requirements of Rule 26 have been complied with, and that any delay in supplementing his disclosures was harmless. [Doc. 66].

The Court has reviewed Plaintiff's disclosures, and while the Court does not find that they are in complete conformity with Rule 26, the disclosures are not so inadequate as to warrant exclusion of these witnesses. Furthermore, the Court notes that the Defendant has had the

opportunity to depose both of these witnesses. Accordingly, Defendant's Motion to Strike Expert Disclosures of Plaintiff David Leaders and Exclude Testimony by Dr. Daryl Lee McDaniel and Gary R. Albrecht, Ph.D. [Doc. 59] is **DENIED**.

### B. Motion for Protective Order

Defendant seeks a protective order to limit the inappropriate actions and statements of Plaintiff. For grounds, Defendant states that Plaintiff has made harassing and offensive statements to counsel for Philips via voice mail; has inappropriately contacted the office of Philips' expert witness; has attempted inappropriate contact with a management level employee of Philips; and inappropriately conducted himself during a deposition. [Doc. 72].

For good cause shown, Defendant's Motion for Protective Order Limiting Actions and Statements of Plaintiff David Leaders [Doc. 72] is **GRANTED**. At the hearing, the Court admonished Mr. Leaders for his conduct. Mr. Leaders apologized to Mr. Mader for his inappropriate comments, and promised to refrain from making such comments in the future. The Court **ORDERS** Plaintiff to refrain from any harassing, offensive or otherwise inappropriate conduct in the future. If Plaintiff engages in such conduct again, Plaintiff may be found in contempt of Court, and appropriate sanctions will issue.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Request for a Motion in Limine of Defendant's Expert Witness [Doc. 31] is **DENIED**; Plaintiff's Request for a Motion in Limine of Defendant's Non-Named Witnesses and/or Wittiness [sic] Lacking Other Required Information Given in Rule 26(a)(3) [Doc. 40] is **DENIED AS MOOT**; Plaintiff's Request for Supplemental Claim of Retaliation [Doc. 52] is **DENIED**; Defendant's Motion to Strike Expert Disclosures of

Plaintiff David Leaders and Exclude Testimony by Dr. Daryl Lee McDaniel and Gary R. Albrecht, Ph.D. [Doc. 59] is **DENIED**; Plaintiff's Motion to Strike Expert Disclosures of Defendant and Exclude Testimony of Steven L. Sterling [Doc. 67] is **DENIED**; Plaintiff's Motion to Supplement Plaintiff's Motion for Summary Judgment [Doc. 70] is **DENIED**; Defendant's Motion for Protective Order Limiting Actions and Statements of Plaintiff David Leaders [Doc. 72] is **GRANTED**; and Plaintiff's Motion for a Hearing on the Bad Faith Mediation of Defendant Philips and Defendant's Failure to Answer Interrogatories [Doc. 74] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge