UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| DAVID LEADERS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:02-CV-105 |
| | )   (Magistrate Judge Shirley) |
| PHILIPS ELECTRONICS NORTH | ) |
| AMERICA CORPORATION d/b/a | ) |
| PHILIPS CONSUMER ELECTRONICS | ) |
| COMPANY, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S EIGHTH MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING THE REPORT OF DR. GARY ALBRECHT REGARDING PLAINTIFF'S DAMAGES**

    Defendant, Philips Electronics North America Corporation ("Philips"), by and through counsel, respectfully moves the Court *in limine* to enter an Order restraining Plaintiff from referring to, alluding to, interrogating witnesses regarding, making arguments or statements before the jury regarding, or otherwise seeking to admit into evidence, either by direct testimony or by deposition testimony, evidence of the expert report regarding Plaintiff's damages prepared by Dr. Gary Albrecht of Albrecht Economics, listed as Exhibit 6 on Plaintiff's Final Exhibit List.

    Plaintiff has not listed Dr. Albrecht on his Final Witness List, by deposition or otherwise, although, apparently, it is his intention to submit Dr. Albrecht's damages report to the jury, as it is listed as Exhibit 6 on his Final Exhibit List. As such, the failure to present the report at trial through the expert who created it, makes the report rank hearsay. Philips will not have an opportunity to cross-examine, in front of the jury, Dr. Albrecht as to his facts, methods and conclusions. If Plaintiff has his way, the jury will see the report and its conclusion that Plaintiff has been damaged to the tune of over two million dollars without any opportunity by Philips to

challenge said report. As such, Dr. Albrecht's report should be excluded from submission to the jury as hearsay.

Alternatively, assuming *arguendo* that the Court finds the report admissible as non-hearsay or through an exception thereto, Dr. Albrecht's report should still be excluded in accord with Fed. R. Evid. 702, as the report is not based on reliable facts or data nor is the testimony based on reliable principles and methods. In creating his report, Dr. Albrecht used a questionnaire provided by Plaintiff; Plaintiff's W-2 tax forms for 1996-2000; price index, unemployment rate, and probability of disability data; employer cost data; treasury inflation-protected bonds; and probability of work statistics. Albrecht Dep., pp. 33-36. (A copy of pertinent portions of Dr. Albrecht's Deposition is attached hereto as Exhibit A.) Other than the verification of the W2 tax data, Albrecht did not verify any of the other information provided to im by Plaintiff and, consequently, relied on Plaintiff's information. Albrecht Dep., p. 38. Dr. Albrecht stated that he intended to opine as to the "present value amount of what Mr. Leaders could have anticipated earning at Philips had he remained employed at Philips," less the amount of money he earned at Dell. Albrecht Dep., p. 39.

Dr. Albrecht begin calculating Plaintiff's historical lost earnings as of February 15, 2001, shortly after Plaintiff lost his job at Dell, and ended his calculations on January 31, 2005, arriving at a figure of $413,649.00 for total historical lost earnings. Albrecht Dep., pp. 40-41. Dr. Albrecht started Plaintiff's historical earnings calculation with a baseline (February 15, 2001) figure of $100,644.53. Albrecht Dep., p. 43. Dr. Albrecht was then asked what salary number he arrived at for February, 2001 and each year thereafter:

Q. Okay. I want to know the salary number you started with in February 2001 and for each year thereafter to come up with the $400,000 figure.

> A. I can't answer that question at this time because I don't know.
>
> Q. You don't know how you arrived at that number?
>
> A. No.

Albrecht Dep., p. 44.

Subsequently, Dr. Albrecht was asked to "back down" the figures so that his starting figures matched those of Plaintiff's W2 salary figures:

> Q. Is there any way that you reconcile them? I'm not an economist.
>
> A. Yes, and I don't know if you want to go ahead and do the calculations or you want me to go ahead and do the calculations.
>
> Q. I want you to go ahead and do them.
>
> A. All right. (Witness calculating.) When I do the calculations, beginning with $73,006 - -
>
> Q. What year is that, Doctor?
>
> A. 1999.
>
> Q. Okay.
>
> A. Increased by two percent per year and adjust for inflation on arriving at $94,652, I don't know where the difference was.
>
> Q. *So that calls into question the entirety of this series, does it not, Doctor?*
>
> A. *At this time, I don't know where the difference is.*

Albrecht Dep., pp. 63-64. (emphasis added.)

Additionally, Dr. Albrecht did not calculate inflation for each year, but instead, averaged it over a time period. Albrecht Dep., p. 70. In fact, Dr. Albrecht used an inflation rate of three percent which, by his own admission, was "a little higher" than the actual inflation rates. Albrecht Dep., p. 73. Dr. Albrecht also admitted that he arrived at the inflation rate of three

3

percent arbitrarily. Albrecht Dep., p. 85. Dr. Albrecht based his lifetime earnings calculations on a retirement age provided by Plaintiff. Albrecht Dep., p. 74. He further admitted that he did not look at or consider any materials put out by the State of Tennessee regarding wage inflation. Albrecht Dep., p. 88. Dr. Albrecht also did not consider mitigation in the determination of Plaintiff's damages:

> Q. ...No, you didn't calculate any type of mitigation?
>
> A. Other than the money that was earned at Dell.
>
> Q. Is that something that you would typically do, come up with some type of hypothetical mitigation?
>
> A. Sometimes.
>
> Q. But you did not do that here?
>
> A. No.
>
> Q. So you don't take into account at all the fact that he hasn't had any job other than Dell?
>
> A. That's correct.

Albrecht Dep., p. 90.

Apparently, Dr. Albrecht calculated Plaintiff's damages using information largely supplied by Plaintiff in conjunction with the use of various arbitrary figures. As pointed out above, Dr. Albrecht cannot explain why his baseline salary figures, on which he bases Plaintiff's historical earnings, do not match the actual income totals as evidenced on Plaintiff's yearly W2 forms. Dr. Albrecht used many figures based on averages, not on Plaintiff's specific circumstances. Furthermore, Dr. Albrecht did not take into account any duty of Plaintiff to mitigate his damages, although Plaintiff has not had a job since 2001.

4

The aforementioned factors call into question the validity and reliability of Dr. Albrecht's report regarding Plaintiff's damages. If Dr. Albrecht cannot even explain how he arrived at the baseline salary figures on which a large portion of Plaintiff's damages are based, the rest of the report is suspect. Moreover, despite the apparent shortcomings of Dr. Albrecht's report, Plaintiff expects this report to be submitted to the jury without the ability of Philips to cross-examine Dr. Albrecht and expose the various weaknesses outlined above. As such, Dr. Albrecht's report as to Plaintiff's damages should be excluded pursuant to Fed. R. Evid. 702 as it is not based upon sufficient facts or data and the report was not the product of reliable principles and methods.

Wherefore, for the reasons above, Philips respectfully moves this Court for an Order *in limine* to preclude the admission into evidence Dr. Albrecht's report regarding Plaintiff's damages, or any testimony thereof, as the report, without Dr. Albrecht's testimony, is hearsay, and alternatively, the report is not based upon sufficient facts or data or reliable principles or methods.

Respectfully submitted,

ARNETT, DRAPER & HAGOOD

By: *s/Larry D. Holden*
Larry D. Holden, BPR#020801
Jay W. Mader, BPR#016199
Counsel for Defendant

ARNETT, DRAPER & HAGOOD
2300 First Tennessee Plaza
Knoxville, TN 37929
(865) 546-7000

# CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and exact copy of this pleading or document has been served upon the *pro se* plaintiff in this case via hand delivery at the address listed below:

  David Leaders
  516 Burris Road
  Knoxville, TN 37924

This the 16th of June, 2005.

        ARNETT, DRAPER AND HAGOOD

      By: s/*Larry D. Holden*

6

Case 3:02-cv-00105   Document 104   Filed 06/15/05   Page 6 of 6   PageID #: &lt;pageID&gt;