UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID LEADERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:02-CV-105 |
| ) | (Shirley) |
| PHILIPS ELECTRONICS NORTH ) | |
| AMERICA CORPORATION d/b/a ) | |
| PHILIPS CONSUMER ELECTRONICS ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment. [Doc. 15].

In this case, a jury trial began on Monday, June 20, 2005, and continued until Tuesday, June 21, 2005. A hearing was held on June 20, 2005 prior to the beginning of the selection of the jury, on the various pleading pretrial motions including motions in limine. Oral rulings and reasons were stated from the bench. For the reasons stated at the hearing, the following motions were **DENIED**, and evidentiary issues regarding the subject of each motion was deferred until the issue arose at trial:

  1. Plaintiff's Motion to Suppress Irrelevant Information on Email Addresses. [Doc. 113].

  2. Defendant's First Motion in Limine to Exclude Stray Remarks Related to Plaintiff's Age or Philip's Workforce Age of Philips' Employees. [Doc. 97].

3. Defendant's Second Motion in Limine to Exclude Various Voice Mail Messages Left by Employment Agency Personnel. [Doc. 98].

4. Defendant's Fourth Motion in Limine to Exclude Plaintiff's Exhibit 14, Doctor's Ability to Work Report. [Doc. 100].

Also for the reasons set forth at the hearing, the following motions were

**GRANTED**:

1. Defendant's Third Motion in Limine to Exclude Evidence Regarding the Case of *Sadowski v. Philips Med. Sys.* [Doc. 99].

2. Defendant's Fifth Motion in Limine to Exclude Evidence Regarding Prior Lawsuits Filed Against Philips by Former Employees for Alleged Age Discrimination. [Doc. 101].

3. Defendant's Sixth Motion in Limine to Exclude Evidence Regarding the Religious Affiliation or Background of Philips' Employees. [Doc. 102].

4. Defendant's Seventh Motion in Limine to Exclude Evidence Regarding Alleged Discrimination by Philips Based on Plaintiff's Medical Condition and Costs. [Doc. 103].

5. Defendant's Eighth Motion in Limine to Exclude Evidence Regarding the Report of Dr. Gary Albrecht Regarding Plaintiff's Damages. [Doc. 104].

6. Defendant's Ninth Motion in Limine to Exclude Evidence Regarding Bill Dye's Alleged Conversations with Philips Regarding Possible Philips' Job Offers to Plaintiff and Philips' Alleged Refusal to Rehire Plaintiff. [Doc. 105].

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge