UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVID LEADERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:02-CV-105 |
| | ) | (Shirley) |
| PHILIPS ELECTRONICS NORTH | ) | |
| AMERICA CORPORATION d/b/a | ) | |
| PHILIPS CONSUMER ELECTRONICS | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all proceedings, including entry of judgment. [Doc. 15].

In this case, a jury trial was commenced on June 20, 2005 and continued until June 21, 2005. Following the close of the Plaintiff's evidence, the Defendant made an oral motion for judgment as a matter of law in its favor pursuant to Rule 50 of the Federal Rules of Civil Procedure. Rule 50(a)(1) of the Federal Rules of Civil Procedure states that:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot, under the controlling law, be maintained or defeated without a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1).

The Plaintiff brought this civil action against Defendant Philips Electronics North

1

America Corporation d/b/a Philips Consumer Electronics Company ("Philips") alleging that he was wrongfully terminated in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA") and that Philips failed to rehire him in retaliation for his complaints against the unlawful discrimination. [Doc. 1].  Defendant claims, and the evidence and arguments at trial indicate, that Plaintiff's termination occurred as part of a reduction in force.  In a reduction in force age discrimination claim, the Plaintiff must prove four elements by a preponderance of the evidence: (1) that he was a member of the protected class; (2) that he suffered an adverse employment action; (3) that he was otherwise qualified for his position; and (4) some evidence that he was singled out for termination because of his age.  Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 350 (6th Cir. 1998).

Even assuming the Plaintiff established the first three elements – which is questionable since Plaintiff failed to present evidence of his age or membership in the protected class – Plaintiff introduced no proof that he was singled out for termination because of his age or that his termination was motivated by any impermissible discriminatory reasons.  In fact, the only competent evidence introduced, by way of Plaintiff's own testimony, regarding the reason for the reduction in force, was that it had long been planned by Philips.  There was simply no competent evidence introduced that Plaintiff was selected or singled out for termination because of his age.  Furthermore, Plaintiff failed to produce or introduce any competent evidence that he was retaliated against when Philips did not rehire him.  Plaintiff introduced no evidence that he even sought re-employment with Philips, or that Philips refused to re-hire him, let alone that he was not re-hired for impermissible reasons.

2

In fact, the evidence introduced by Plaintiff to support his claim of termination based on age, was founded on his personal feelings, his own suspicion of being fired for his age, and his argument that the reduction in force was ostensibly designed to reduce wages, yet resulted in increased costs. Further, there was no proof, beyond Plaintiff's own theory, of either Philips' motive for the reduction in force, or that the reduction in force actually resulted in increased costs. In short, the Plaintiff simply did not prove his case or introduce any evidence of age discrimination or retaliation sufficient for a reasonable jury to find for the Plaintiff on that issue or claim. As such, the Court found that there was no legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiff on the issue of age discrimination or retaliation and that under the controlling law, the Defendant is entitled to judgment as a matter of law.

For the foregoing reasons and based on the entire record in this case, the Defendant's oral motion for judgment as a matter of law in its favor pursuant to Rule 50 of the Federal Rules of Civil Procedure is **GRANTED**. This case is hereby **DISMISSED**. The Clerk is directed to close the file in this case.

**ORDER TO FOLLOW**.

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge