UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID LEADERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:02-CV-105 |
| ) | (Shirley) |
| PHILIPS ELECTRONICS NORTH ) | |
| AMERICA CORPORATION d/b/a ) | |
| PHILIPS CONSUMER ELECTRONICS ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment. [Doc. 15].

**I.  Plaintiff's Motion to Order a New Trial**

The plaintiff David Leaders, proceeding pro se, moves pursuant to Rule 59 of the Federal Rules of Civil Procedure for a new trial. For grounds, the plaintiff argues that a new trial is warranted on the grounds: (1) that the defendant withheld evidence from the plaintiff; (2) that he failed to introduce evidence regarding the age of Mr. Chappell as well as other statistical evidence as a result of mistake and excusable neglect; and (3) that he would be able to obtain an attorney to represent him in a subsequent trial. [Doc. 127].

The defendant Philips Electronics North America Corporation ("Philips") opposes the plaintiff's motion, arguing: (1) that the plaintiff has not presented any evidence which either would alter the outcome of the trial or which otherwise could have not have been discovered earlier through due diligence; (2) that the plaintiff is not entitled to a new trial to remedy his mistakes made during the trial; and (3) that the plaintiff is not entitled to a new trial in order to obtain an attorney. [Doc. 129].

In an action where there has been a trial by jury, Rule 59 of the Federal Rules of Civil Procedure provides that a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). The decision to grant a new trial is a matter of discretion for the Court. See Tompkin v. Philip Morris USA, Inc., 362 F.3d 882, 891 (6th Cir. 2004).

The plaintiff first seeks a new trial on the basis of "new evidence," namely, the engineering notebooks of Lee Chappell, which were not produced by the defendant. The plaintiff requested these notebooks mere days before the beginning of the trial. These notebooks were never the subject of a formal discovery request. The Court instructed the defendant to make a good faith effort to locate and produce them, if they were in fact available. By the time of trial, the defendant had not been able to locate the notebooks, and counsel advised the Court that he believed they had been shipped to another Philips facility in Atlanta.

In determining whether newly discovered evidence warrants the granting of a new trial, the Court should consider whether the evidence: "(1) would probably have changed the outcome of the trial; (2) could have been discovered earlier with due diligence; and (3) is merely cumulative or impeaching." Diaz v. Methodist Hospital, 46 F.3d 492, 495 (5th Cir. 1995). The

burden is on Mr. Leaders to demonstrate that the new evidence he cites weighs in favor of granting a new trial. See id.

The Court finds that Chappell's engineering notebooks would not have changed the outcome of the trial. The notebooks, which have yet to be found, are of questionable relevance. They supposedly provide insight into Mr. Chappell's job activities while at Philips. However, such evidence does nothing to assist the plaintiff in establishing a prima facie case of age discrimination. As the Court noted in its Memorandum Opinion granting the defendant's oral motion for judgment as a matter of law [Doc. 125], the plaintiff failed to present evidence of his age or his membership in a protected class or that he was singled out for termination due to his age. While the hiring of Mr. Chappell could be relevant to the plaintiff's discrimination claim, a series of notebooks detailing Mr. Chappell's activities at Philips while he was working there would not establish any of these elements. While the plaintiff contends that the notebooks "could even have personal notes as to [Mr. Chappell's] knowledge of the age discrimination" or "could have been stated [Mr. Chappell] was forced to go alone [sic] with what he knew was age discrimination," such arguments are unsupported by any evidence and are purely speculation on the plaintiff's part. The plaintiff has failed to show how the admission of these notebooks would have changed the outcome of the trial. See Barnes v. City of Cincinnati, 401 F.3d 729, 743 (6th Cir. 2005) ("[A] new trial will not be granted unless the evidence would have caused a different outcome at trial.").

Furthermore, the Court finds that the plaintiff could have discovered these notebooks earlier through the exercise of due diligence. Three engineering notebooks of Lee Chappell were referenced in a 1998 e-mail located in Chappell's personnel file, which was produced to the plaintiff on February 11, 2004, well over a year prior to trial. However, the plaintiff never requested any

3

additional information about these notebooks during the discovery period. Instead, he waited until a few days before trial to inquire about them. To date, the notebooks have not been located, so it is unknown whether these notebooks in fact even still exist.[1] As such, the Court cannot say that these notebooks could even be considered "actual" evidence, much less "new" evidence warranting a new trial in this matter.

Next, the plaintiff asserts that a new trial is warranted because, due to mistake and excusable neglect, he failed to introduce evidence regarding Mr. Chappell's age and statistical evidence indicating that the oldest employees were fired first or that the average age of the company was reduced by ten years as a result of the layoff.

The plaintiff has failed to show how he was justified in failing to avoid such a mistake in the introduction of his proof. Moreover, the plaintiff has failed to demonstrate why his neglect in doing so is excusable.[2] The mere fact that plaintiff was representing himself is not sufficient. A party represented by counsel bears the risk of his attorney's mistakes; "a litigant who chooses <u>himself</u> as a legal representative should be treated no differently." Brock v. Hendershott,

---

[1] In reply to the defendant's response for a new trial, the plaintiff moves for sanctions for the defendant's failure to produce the requested engineering notebooks "as ordered by the Court." [Doc. 131]. The plaintiff's motion for sanctions [Doc. 131] is respectfully **DENIED**. The Court instructed the defendant's counsel to make a good faith effort to locate the notebooks, and it appears to the Court that such an effort, although unsuccessful, was made. Under the circumstances, and especially given the last-minute nature of the plaintiff's request, the Court declines to award sanctions for the defendant's inability to locate the notebooks.

[2] The Court further notes that the plaintiff's failure to introduce such proof is irrelevant in light of the fact that the plaintiff failed to introduce any evidence that he was singled out for termination because of his age. In fact, the only evidence the plaintiff proffered with respect to the reason for the reduction in force and his termination was his own testimony that the reduction in force had been planned for a long time, for a number of years.

4

840 F.2d 339, 343 (6th Cir. 1988) (quoting Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir. 1986)).

Finally, the plaintiff seeks a new trial so that he may "obtain an attorney in a fresh trial." The plaintiff's counsel was permitted to withdraw in October, 2004. The plaintiff has had ample opportunity since then to retain new counsel. The plaintiff's failure, or refusal, to retain counsel, despite repeated recommendations from the Court to do so, does not serve as a basis to grant a new trial in this case.

For the foregoing reasons, Plaintiff's Motion to Order a New Trial [Doc. 127] is **DENIED**.

## II. Plaintiff's Motion to Amend Findings and Order a New Trial

The plaintiff has also filed a Motion to Amend Findings and Order a New Trial [Doc. 128]. In this motion, the plaintiff moves the Court to amend its findings and judgment pursuant to Rule 52(b) of the Federal Rules of Civil Procedure. He further seeks relief from the judgment pursuant to Rule 60(b)(1), and he moves again for a new trial pursuant to Rule 59.

The defendant argues that the plaintiff has not presented any evidence or arguments that would entitle him to relief under any of these provisions. [Doc. 130].

First, the plaintiff moves the Court to amend its findings made in the Memorandum Opinion [Doc. 125] which granted the defendant's Rule 50 motion for judgment as a matter of law. In support of the plaintiff's motion, he submits several exhibits and theories which he urges the Court to now consider. The evidence submitted by the plaintiff consists largely of evidence that the plaintiff had available to him throughout the litigation of this case but did not offer at trial. For example, the plaintiff claims that he has "new evidence of the Mr. Bill Dye email memo and Bill

5

Dye's new testimony."  The e-mail from Mr. Dye, which is attached to the plaintiff's motion as Exhibit E, is dated February 4, 2002 and was addressed to the plaintiff himself.  Thus, it appears that the plaintiff had this evidence for over three years prior to the trial of this case.  Furthermore, the plaintiff was aware of Mr. Dye and had ample opportunity to depose him and otherwise secure his testimony for trial.  In addition, the plaintiff claims that he has new evidence from witnesses such as Gus Spencer, Jim Hitchcock, David Justus, Rodney Booth, Hugh Duggan, and Kyle Hartman.  However, this litigation has been pending for years, and the plaintiff has had ample opportunity to locate these witnesses, take their depositions, and subpoena them to appear at trial.  The plaintiff has not stated any grounds to justify why he did not do so in this case.

"The purpose of motions to amend is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence."  Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986).  A motion to amend cannot be used "to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits."  Id.  The evidence proffered by the plaintiff cannot be considered "new" evidence as it was readily available to the plaintiff at the time of trial or at least could have been obtained through due diligence.

The Court gave the plaintiff ample opportunity to present his case to the jury, and it was incumbent upon the plaintiff to present evidence in support of his claims.  The plaintiff failed to prove his case during the presentation of his proof, and therefore, the defendant was entitled to judgment as a matter of law.  As there is nothing in this case to warrant an amendment of the Court's findings, the plaintiff's motion for the Court to amend its findings [Doc. 128] must be **DENIED**.

Second, the plaintiff moves for relief from the judgment under Rule 60(b)(1), which provides the Court may relieve a party from a judgment for "mistake, inadvertence, surprise, or excusable neglect." However, as the Sixth Circuit has noted, "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." FHC Equities, L.L.C. v. MBL Life Assurance Corp., 188 F.3d 678, 685 (6th Cir. 1999); see also Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996) ("Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts."). The plaintiff's lack of familiarity with court procedures or with the substantive aspects of his claim does not excuse him from mistakes he made at trial. Although the Court instructed the plaintiff many times on proper court procedures, and further encouraged him to retain counsel to assist him with his case, the plaintiff decided to proceed on his own. The plaintiff's mistakes in the course of presenting his case pro se do not constitute excusable neglect, and thus, his motion [Doc. 128] for Rule 60(b)(1) relief must be **DENIED**.

Finally, the plaintiff again moves for a new trial pursuant to Rule 59, citing "new evidence, new witnesses, and to properly enter already known evidence left out by excusable neglect or error." For the reasons already stated in this opinion, the Court finds that the plaintiff has failed to demonstrate that a new trial is warranted in this case.

For the foregoing reasons, Plaintiff's Motion to Amend Findings and Order a New Trial [Doc. 128] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

      s/ C. Clifford Shirley, Jr.
United States Magistrate Judge